No. 116,005

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Appeal of REEVE CATTLE CO., INC.
for the Year 2013 and 2014 in Finney County, Kansas.

SYLLABUS BY THE COURT

1.

The burden of proving the invalidity of a Board of Tax Appeal's (BOTA) action is on the party asserting its invalidity. The general rule is that statutes imposing a tax must be interpreted strictly in favor of the taxpayer. However, tax exemption statutes are interpreted strictly in favor of imposing the tax and against allowing an exemption for one who does not clearly qualify.

2.

An appellate court is not required to defer to BOTA's interpretation of a tax statute.

3.

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meaning.

4.

When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's

1

language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent.

5.

Under the facts of this case, BOTA did not err in finding that the taxpayer's mixer-feeder trucks are exempt from taxation as farm machinery and equipment under K.S.A. 2015 Supp. 79-201j.

Appeal from Board of Tax Appeals. Opinion filed March 17, 2017. Affirmed.

*Michael A. Montoya*, of Michael A. Montoya, P.A., of Salina, for appellant Board of County Commissioners of Finney County.

*S. Lucky DeFries* and *Jeffrey A. Wietharn*, of Coffman, DeFries & Nothern, a Professional Association, of Topeka, for appellee Reeve Cattle Co., Inc.

*Tucker A. Stewart*, associate counsel, of The Kansas Livestock Association, *Terry Holdren*, CEO/general counsel, of The Kansas Farm Bureau, and *Randy Stookey*, general counsel, vice president, of The Kansas Agribusiness Retailers Association, *amici curiae*.

*Jeffrey A. Chanay*, chief deputy attorney general, *Dwight R. Carswell* and *Bryan C. Clark*, assistant solicitors general, and *Derek Schmidt*, attorney general, for *amicus curiae* State of Kansas, and *Wendee Grady*, of Kansas Department of Agriculture, for *amicus curiae* Kansas Department of Agriculture.

Before MCANANY, P.J., MALONE, J., and STUTZMAN, S.J.

MALONE, J.: This is an appeal from a decision of the State Board of Tax Appeals (BOTA) addressing whether certain personal property owned by Reeve Cattle Company, Inc. (Reeve Cattle) is exempt from taxation. The property at issue is the cab and chassis of several mixer-feeder trucks which are used to mix cattle feed ingredients and haul the

2

feed to cattle within the feedlot. BOTA determined the mixer-feeder trucks are exempt from taxation under the farm machinery and equipment exemption at K.S.A. 2015 Supp. 79-201j. The Board of County Commissioners of Finney County (the County) appeals, arguing that the mixer-feeder trucks are not exempt because they are trucks, which are expressly excluded from the farm machinery and equipment exemption. For the reasons stated herein, we reject the County's argument and affirm BOTA's decision.

FACTUAL AND PROCEDURAL BACKGROUND

Reeve Cattle, which is located in Finney County, Kansas, owns several mixer-feeder trucks. Mixer-feeder trucks are used to mix feed ingredients and then haul the feed to cattle within the feedlot. The trucks are equipped with augers that blend the feed ingredients as well as a hydraulic system that operates the augers. Although mixer-feeder trucks bear some resemblance to regular trucks, they are only capable of maximum speeds of 17 mph while mixing feed and 20 mph while not mixing feed; if the governor is removed, however, the trucks can go up to 45 mph.

Mixer-feeder trucks are 106 inches wide, while the legal limit for road travel is 102 inches. Although the trucks almost always stay within the feedlot, occasionally they are driven on public roads when specialized maintenance is required. However, when the mixer-feeder trucks require off-site maintenance, they usually are loaded onto a trailer and transported off-site, rather than driven on the road due to the difficulty in removing the governor and the vehicle's slow maximum speed even without the governor.

In 2015, the Finney County Appraiser assessed an escaped property tax penalty on Reeve Cattle for failing to pay taxes on its mixer-feeder trucks for the 2013 and 2014 tax years. Reeve Cattle paid the penalties under protest and filed an appeal with BOTA claiming the mixer-feeder trucks were exempt from taxation under the farm machinery and equipment exemption at K.S.A. 2015 Supp. 79-201j.

3

Before BOTA, Reeve Cattle argued that K.S.A. 2015 Supp. 79-201j exempts all farm machinery and equipment from taxation save for a few itemized exceptions—including trucks as defined in K.S.A. 2015 Supp. 8-126. Reeve Cattle argued that the mixer-feeder trucks do not meet the definition of truck found in K.S.A. 2015 Supp. 8-126(nn); instead, K.S.A. 2015 Supp. 8-126(p)(5) classifies mixer-feeder trucks as implements of husbandry. Therefore, Reeve Cattle claimed that because the mixer-feeder trucks are not trucks as defined in K.S.A. 2015 Supp. 8-126, they are exempt from taxation under K.S.A. 2015 Supp. 79-201j. The County, on the other hand, argued that the definitions in K.S.A. 2015 Supp. 8-126(p)(5) and (nn) are not mutually exclusive and a mixer-feeder truck could be both a truck and an implement of husbandry. Therefore, the County argued that because the mixer-feeder trucks meet the definition of truck under K.S.A. 2015 Supp. 8-126(nn), they are expressly excluded from the farm machinery and equipment exemption at K.S.A. 2015 Supp. 79-201j.

BOTA held a hearing on April 22, 2016. At the hearing, Keith Bryant, a manager for Reeve Cattle, testified that the mixer-feeder trucks are used to mix raw ingredients of cattle feed and deliver it to cattle within the Reeve Cattle feedlots. He also testified that the ingredients that the mixer-feeder trucks combine are partially grown onsite, and any ingredients not grown onsite are brought in by regular trucks. The mixer-feeder trucks, however, do not deliver any raw ingredients; instead, Bryant explained, the ingredients are loaded into the truck at the feed mill located on the feedlot, the truck mixes and combines the feed ingredients, and then the truck travels to any cattle needing to be fed. Bryant testified that the mixer-feeder trucks are rarely driven off the feedlot and are used exclusively for agricultural purposes. Finally, Bryant testified that the mixer-feeder trucks do not carry more than 10 passengers.

Clayton Husemann, executive director of the Kansas Livestock Association, also testified for Reeve Cattle. Husemann confirmed that the use of the mixer-feeder truck

4

was to mix feed and deliver it to cattle within the Reeve Cattle feedlots. Husemann further testified that, from time to time, the mixer-feeder trucks would need to go down the highway for service even though a majority of their work was onsite. Finally, Cheryl Sonnenberg, from the Finney County Appraiser's Office, testified very briefly for the County. Sonnenberg conclusively testified that her office was required to tax all motor vehicles and the mixer-feeders "are trucks, I mean, they need to be taxed."

After hearing the evidence and reviewing briefs submitted by the parties, BOTA issued its summary decision. BOTA determined that mixer-feeder trucks are farm machinery and equipment exempt from taxation under K.S.A. 2015 Supp. 79-201j. Although trucks as defined by K.S.A. 2015 Supp. 8-126(nn) are not exempt from taxation, BOTA determined that the mixer-feeders in question do not meet the definition of truck contained therein. Specifically, BOTA found that the mixer-feeder trucks are not utilized for the transportation or delivery of freight and merchandise, nor are they used for transporting 10 or more passengers. BOTA concluded that mixer-feeder trucks are implements of husbandry as defined in K.S.A. 2015 Supp. 8-126(p)(5) that are actually and regularly used in a farming operation; thus, they are exempt from taxation under K.S.A. 2015 Supp. 79-201j.

The County disagreed with BOTA's summary decision and filed a petition for reconsideration. The County argued that mixer-feeder trucks are motor vehicles as defined in K.S.A. 2015 Supp. 8-126(u); a motor vehicle can only fall into one of two categories:  truck or passenger vehicle. Therefore, as BOTA found that a mixer-feeder truck is not a truck, it must then be a passenger vehicle, which is also not subject to the farm machinery and equipment exemption. After reviewing written arguments submitted by the parties, BOTA denied the County's petition for reconsideration. The County filed a petition for judicial review with this court asking that we set aside BOTA's decision.

5

On appeal, the County does not contest BOTA's determination that the mixer-feeder trucks are actually and regularly used in a farming operation. Instead, the County takes issue with BOTA's conclusion that the mixer-feeder trucks do not fall under K.S.A. 2015 Supp. 79-201j's exception for trucks. The County argues that BOTA's focus on the classification of mixer-feeder trucks as an "implement of husbandry" at K.S.A. 2015 Supp. 8-126(p)(5) was misplaced because that statutory subsection governs vehicle registration, not taxation. The County argues that mixer-feeder trucks meet the definition of truck contained in K.S.A. 2015 Supp. 8-126(nn) because mixer-feeder trucks deliver freight and merchandise—namely, cattle feed. Finally, the County stresses that had the legislature intended to exempt mixer-feeder trucks from taxation, it would have expressly done so in K.S.A. 2015 Supp. 79-201j.

Reeve Cattle asserts that the definitions in K.S.A. 2015 Supp. 8-126(p)(5) and (nn) are mutually exclusive, so because the legislature defined a mixer-feeder truck as an implement of husbandry, it cannot also be classified as a truck. Furthermore, even if the definitions are not mutually exclusive, Reeve Cattle argues that a mixer-feeder truck does not meet the definition of truck contained in K.S.A. 2015 Supp. 8-126(nn) because it does not deliver freight and merchandise nor does it carry 10 or more passengers. Finally, Reeve Cattle claims that even if the mixer-feeder trucks are not exempt under K.S.A. 2015 Supp. 79-201j, they are still exempt from taxation pursuant to Article 11, § 1 (b)(2) of the Kansas Constitution which provides a broad exemption from taxation for farm machinery and equipment.

Appellate review of a BOTA decision is governed by K.S.A. 2015 Supp. 77-621 which provides in part:

"(c) The court shall grant relief only if it determines any one or more of the following:

. . . .

(4) the agency has erroneously interpreted or applied the law;

. . . .

(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported to the appropriate standard of proof by evidence that is substantial when viewed in light of the record as a whole . . . ; or

(8) the agency action is otherwise unreasonable, arbitrary or capricious." K.S.A. 2015 Supp. 77-621(c).

The burden of proving the invalidity of BOTA's action is on the party asserting invalidity—here, the County. See K.S.A. 2015 Supp. 77-621(a); *Board of Saline County Comm'rs v. Jensen*, 32 Kan. App. 2d 730, 732, 88 P.3d 242, *rev. denied* 278 Kan. 843 (2004). The general rule is that statutes imposing a tax must be interpreted strictly in favor of the taxpayer. However, tax exemption statutes are interpreted strictly in favor of imposing the tax and against allowing an exemption for one who does not clearly qualify. *In re Tax Appeal of LaFarge Midwest*, 293 Kan. 1039, 1045, 271 P.3d 732 (2012).

Resolution of the issue before this court turns on statutory interpretation which is a question of law subject to unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). Previously, Kansas courts deferred to BOTA's interpretation of tax statutes due to BOTA's specialized expertise in the area of taxation. However, Kansas courts "have clearly eschewed the concept that an agency is better equipped to interpret a statute than an appellate court." *LaFarge Midwest*, 293 Kan. at 1044. Thus, this court is not required to adopt BOTA's interpretation of a tax statute. See *Douglas v. Ad Astra Information Systems*, 296 Kan. 552, 559, 293 P.3d 723 (2013); see also *LaFarge Midwest*, 293 Kan. at 1044.

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meaning. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 304 Kan. at 409. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. 304 Kan. at 409.

BOTA determined the mixer-feeder trucks are exempt from taxation under K.S.A. 2015 Supp. 79-201j. This statute provides an exemption from taxation for:

> "(a) All farm machinery and equipment. The term 'farm machinery and equipment' means that personal property actually and regularly used in any farming or ranching operation. . . . The term 'farming or ranching operation' shall include the operation of a feedlot, the performing of farm or ranch work for hire and the planting, cultivating and harvesting of nursery or greenhouse products, or both, for sale or resale. The term 'farm machinery and equipment' shall not include any passenger vehicle, truck, truck tractor, trailer, semitrailer or pole trailer, other than a farm trailer, as the terms are defined by K.S.A. 8-126, and amendments thereto."

The County argues that a mixer-feeder truck is a truck; as such, it is expressly excluded from the farm machinery and equipment exemption at K.S.A. 2015 Supp. 79-201j. Truck is defined as "a motor vehicle which is used for the transportation or delivery of freight and merchandise or more than 10 passengers." K.S.A. 2015 Supp. 8-126(nn).

8

Before BOTA, the County claimed that a mixer-feeder truck could also meet the definition of passenger vehicle, which is "every motor vehicle . . . which is designed primarily to carry 10 or fewer passengers, and which is not used as a truck." K.S.A. 2015 Supp. 8-126(dd). However, nowhere in its brief before this court does the County argue that a mixer-feeder truck qualifies as a passenger vehicle, and instead it asserts that "[t]his court must find that the subject property is a truck and is specifically excluded as exempt property pursuant to K.S.A. [2015 Supp.] 79-201j." An issue not argued or briefed by the appellant is deemed waived or abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011).

As argued by Reeve Cattle and as found by BOTA, K.S.A. 2015 Supp. 8-126(p)(5) specifically classifies mixer-feeder trucks as implements of husbandry. Reeve Cattle asserts that the definitions in K.S.A. 2015 Supp. 8-126(p)(5) and (nn) are mutually exclusive, so because the legislature defined a mixer-feeder truck as an implement of husbandry, it cannot also be classified as a truck. This appeal can be resolved without deciding whether the definitions in K.S.A. 2015 Supp. 8-126(p)(5) and (nn) are mutually exclusive. Regardless of whether the definitions are mutually exclusive, if a mixer-feeder truck does not meet the statutory definition of truck in K.S.A. 2015 Supp. 8-126(nn), it is exempt from taxation as farm machinery and equipment under K.S.A. 2015 Supp. 79-201j.

BOTA found that a mixer-feeder truck "does not meet the definition of 'truck' as defined in K.S.A. [2015 Supp.] 8-126[nn] as it is not utilized for the transportation or delivery of freight and merchandise or more than 10 passengers." Thus, BOTA concluded that Reeve Cattle's mixer-feeder trucks are not trucks according to K.S.A. 2015 Supp. 8-126 and therefore qualified for the farm machinery and equipment exemption in K.S.A. 2015 Supp. 79-201j. As discussed above, this court can overturn BOTA's decision if it has erroneously interpreted the law, its decision was based on factual findings that are not supported by substantial evidence, or its decision is otherwise arbitrary, unreasonable, or

9

capricious. *In re Equalization Appeal of Johnson County Appraiser*, 47 Kan. App. 2d 1074, 1084-85, 283 P.3d 823 (2012).

Previously, when reviewing BOTA's factual findings for substantial evidence, appellate courts were to look at the evidence in the light most favorable to the agency's ruling and were to disregard any conflicting evidence or other inferences which might be drawn therefrom. However, now appellate courts are to determine whether the evidence supporting BOTA's factual findings is substantial when considered in light of the record as a whole, taking into account both supporting and detracting evidence. *Sierra Club v. Moser*, 298 Kan. 22, 62, 310 P.3d 360 (2013).

BOTA's factual findings that the mixer-feeder trucks are not used to transport or deliver freight and merchandise or more than 10 passengers are supported by substantial evidence when viewing the record as a whole. At the hearing, Bryant testified that the mixer-feeder trucks are used to mix raw ingredients of cattle feed and deliver it to cattle *within* the Reeve Cattle feedlots. He also testified that the ingredients that the mixer-feeder trucks combine are partially grown onsite, and any ingredients not grown onsite are brought in by regular trucks. Bryant explained that the ingredients are loaded into the truck at the feed mill located on the feedlot, the truck mixes and combines the feed ingredients, and then the truck travels to any cattle needing to be fed. He testified that mixer-feeder trucks are rarely driven off the feedlot and are used exclusively for agricultural purposes. Finally, Bryant testified that the mixer-feeder trucks do not carry 10 or more passengers.

Bryant's testimony, which essentially was uncontroverted at the hearing before BOTA, supports a determination that the subject property does not meet the definition of "truck" contained in K.S.A. 2015 Supp. 8-126(nn). The key testimony was that the mixer-feeder trucks are used to mix raw ingredients of cattle feed and deliver it to cattle *within* the feedlots. The mixer-feeder trucks are rarely driven off the feedlot and clearly do not

10

carry more than 10 passengers. Thus, considering the evidence in light of the record as a whole, we conclude that BOTA did not err in finding that the subject property does not meet the definition of "truck" contained in K.S.A. 2015 Supp. 8-126(nn).

The County also argues that BOTA's finding that the mixer-feeder trucks do not deliver freight and merchandise was incorrect because the mixer-feeder trucks deliver feed, which is either freight or merchandise, to the cattle. If this argument was correct, then essentially any motor vehicle capable of carrying any object could be defined as a truck. When construing a statute, common words are given their ordinary meanings. *Ullery*, 304 Kan. at 409. Webster's II New College Dictionary 701-02 (3d ed. 2005) defines "merchandise" as "goods or commodities that may be bought or sold." Cattle feed is not merchandise, at least not when it is in a mixer-feeder truck as it is not a good or commodity to be bought or sold; it is food being prepared for and delivered to cattle. Similarly, cattle feed is not freight because freight is defined as "goods transported as cargo by a commercial carrier." Webster's II New College Dictionary 455 (3d ed. 2005). Again, the cattle feed in the mixer-feeder trucks is not freight as it is not cargo and a mixer-feeder truck is not a commercial carrier.

Because BOTA properly concluded that the mixer-feeder trucks do not meet the definition of "truck" contained in K.S.A. 2015 Supp. 8-126(nn), we do not need to address BOTA's alternative finding that the mixer-feeder trucks are properly classified as implements of husbandry under K.S.A. 2015 Supp. 8-126(p)(5). In turn, we do not need to address the County's corresponding argument on appeal that BOTA erred by classifying the mixer-feeder trucks as implements of husbandry under K.S.A. 2015 Supp. 8-126(p)(5) because that subsection governs vehicle registration, not taxation.

Finally, the County argues that had the legislature intended to exempt mixer-feeder trucks from taxation, it would have specifically done so in K.S.A. 2015 Supp. 79-201j, as it did when it specifically stated all trailers other than farm trailers are taxable.

11

This argument is unpersuasive. K.S.A. 2015 Supp. 79-201j contains a broad exemption for farm machinery and equipment and only lists a few itemized exceptions to the exemption, including trucks, passenger vehicles, and trailers other than farm trailers. The legislature had to explicitly state that farm trailers were exempt because K.S.A. 2015 Supp. 8-126(l) defines "farm trailer" as "every trailer and semitrailer as those terms are defined this section, designed and used primarily as a farm vehicle." K.S.A. 2015 Supp. 8-126(ll) defines "trailer" as "every vehicle without motive power designed to carry property or passengers wholly on its own structure and to be drawn by a motor vehicle." A farm trailer clearly falls within the definition of trailer, which is explicitly not exempt. Thus, the legislature had to make clear that a farm trailer is exempt from taxation because otherwise it would be taxable as it is a trailer.

In sum, BOTA's factual findings that the mixer-feeder trucks do not transport or deliver freight and merchandise or more than 10 passengers are supported by substantial competent evidence when viewing the record as a whole. Accepting BOTA's factual findings, we agree with BOTA's interpretation that a mixer-feeder does not meet the definition of truck contained in K.S.A. 2015 Supp. 8-126(nn). Because the mixer-feeders are not trucks as defined in K.S.A. 2015 Supp. 8-126(nn) and because the County does not dispute that the subject property is actually and regularly used in a farming or ranching operation, BOTA did not err in finding that the subject property is exempt from taxation as farm machinery and equipment under K.S.A. 2015 Supp. 79-201j. Based on our determination that Reeve Cattle is entitled to the statutory exemption, we do not need to address its separate claim that the property is also exempt pursuant to Article 11, § 1 (b)(2) of the Kansas Constitution.

Affirmed.

12